# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HERMAN BURTON, | Civil Action No. 13 - 1191 |
| Plaintiff, | |
| | District Judge Mark R. Hornak |
| v. | Chief Magistrate Judge Lisa Pupo Lenihan |
| DEPUTY ERIC ARMEL and LT. CRAYTON, | |
| Defendants. | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure follow the Court's Order dated September 17, 2013, requiring him to pay an initial partial filing fee of $37.00, and, therefore, failing to prosecute this action.

**II.   REPORT**

Plaintiff, proceeding pro se, initiated this prisoner civil rights action on August 19, 2013. Together with the Complaint, Plaintiff submitted a Motion for Leave to Proceed in forma pauperis (ECF No. 1), which the Court initially denied (ECF No. 2) for his failure to submit the proper documentation. After submitting the necessary account information (ECF No. 3), the Court then granted Plaintiff's request for *in forma pauperis* status (ECF No. 4) but directed him to pay $37.00 as an initial partial filing fee as required by 28 U.S.C. § 1915(b)(1)(A). Plaintiff had thirty days to submit the fee but he failed to do so. Therefore, the Court ordered him to show

1

cause why this action should not be dismissed for his failure to prosecute (Text Order dated 11/5/13). His response was due on November 20, 2013, and as of the date of this order Plaintiff has neither paid the initial partial filing fee nor shown cause why he is unable to do so. Because the Court will not direct the prison to withdraw money from Plaintiff's institutional account and pay it to the Court until Plaintiff authorizes such withdrawal, the initial partial filing fee in this case will never get paid.

A district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to dismiss for failure to prosecute is committed to the court's sound discretion. *See* Collinsgru v. Palmyra Bd. of Educ., 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* Winkelman ex rel. Winkelman v. Parma City School Dist., 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. Harris v. City of Philadelphia, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In Poulis, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Id. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. The extent of the party's personal responsibility.

Plaintiff is proceeding in this matter *pro se*. There is no indication that he failed to receive the order granting him *in forma pauperis* status and directing him to file an initial partial filing fee of $37.00. There is also no indication that he did not receive the order to show cause as to why he had not done so. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been required to respond to the Complaint and, accordingly, have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness.

Plaintiff has made no effort to move this case forward and has ignored the Court's Orders dated September 17, 2013 and November 5, 2013. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. <u>Alternative sanctions.</u>

Plaintiff is proceeding *pro se*, and despite being granted *in forma pauperis status*, he has not paid the initial partial filing fee as he was ordered to do. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the claim or defense.</u>

Plaintiff alleges that he is a preoperative transgender inmate and a Native American. He alleges that Defendants tried to force him to cut his hair and when he refused he was put in the Restricted Housing Unit ("RHU"). He states that it is against his religion to cut his hair but he was unable to get the hair exemption form that he had requested. The Complaint is silent as to whether Plaintiff's hair was actually cut, and, if so, how much. Plaintiff also alleges that because he is transgendered he is being housed in the "transitional unit" and he does not feel comfortable there because that is also where they house inmates with "chemical imbalances." Because Plaintiff's Complaint is insufficient in many regards, and to go forward would require him to file an amended complaint, this factor neither weighs for or against dismissal.

In summary, the majority of the <u>Poulis</u> factors weigh in favor of dismissal. Accordingly, it is respectfully recommended that this action be dismissed.

### III. **CONCLUSION**

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice for Plaintiff's failure follow the Court's Order dated September 17, 2013, requiring him to pay an initial partial filing fee of $37.00, and, therefore, failing to prosecute this action.

In accordance with the applicable provisions of the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B)&(C), and Rule 72.D.2 of the Local Rules of Court, Plaintiff shall have fourteen (14) days from the date of the service of this report and recommendation to file written objections thereto. Plaintiff's failure to file timely objections will constitute a waiver of his appellate rights.

Dated: December 3, 2013

Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Herman Burton
KU1265
PO Box 9999
LaBelle, PA 15450